Cavanagh, J.
(concurring in part and dissenting in part). I agree that the “inference on an inference” rule, articulated in People v Atley, 392 Mich 298; 220 NW2d 465 (1974), is internally inconsistent and should, therefore, be rejected, in spite of its deceptive utility as a bright-line safeguard against the admission of evidence lacking sufficient relevance. The concerns over tenuous evidentiary links, that resulted in the adoption of the rule in Atley, have eased with the enactment of the rules of evidence. Evidence-direct or circumstantial-may only be admitted when relevant and not more prejudicial than probative. MRE 401, 403. In addition, where the evidence fails to establish guilt beyond a reasonable doubt, a court must order a directed verdict. People v Petrella, 424 Mich 221, 275; 380 NW2d 11 (1985) (“While the trier of fact may draw reasonable inferences from facts of record, it may not indulge in inferences wholly unsupported by any evidence, based only upon assumption”). These evidentiary tests more adequately protect the harms Alley attempted to prevent. Therefore, I concur with the majority’s rejection of Alley.
However, I dissent from the Court’s conclusion that the evidence was “sufficient to justify a rational trier of fact in finding guilt beyond a reasonable doubt.” People v Wolfe, 440 Mich 508, 513-514; 489 NW2d 478 (1992). Viewing the evidence in the light most favorable to the prosecution, a rational juror could infer the existence of the facts necessary to establish the elements of the crimes with which defendant was charged. However, I disagree that those facts were proven so that a rational juror could find their exis *433 tence beyond a reasonable doubt. Id. The officers tested nothing in the apartment for fingerprints. Nor did they seize the dress in which the heroin was found; only its photo was admitted in evidence. No evidence linked the dress to defendant, other than the circumstantial evidence of residence on the basis of the mail found at the apartment. Clearly, the evidence did not prove beyond a reasonable doubt that defendant knew of the presence of the controlled substances.
In an attempt to rebuff its dissenting colleagues, the majority implies that the discovery of reasonable inferences supporting the elements of a crime charged will end the inquiry demanded by due process guarantees. However, this ignores the Supreme Court mandate in Jackson v Virginia, 443 US 307; 99 S Ct 2781; 61 L Ed 2d 560 (1979), that appellate courts review the evidence to determine if a rational trier of fact could find guilt beyond a reasonable doubt. See also Wolfe-, People v Hampton, 407 Mich 354, 368; 285 NW2d 284 (1979) (adopting Jackson and holding that a trial judge must review a directed verdict motion to ensure that a rational trier of fact could find guilt beyond a reasonable doubt).
In adopting this standard, the Supreme Court expressly considered and rejected the notion that the existence of any evidence to support a conviction would satisfy due process requirements. Id. at 320. An appellate court has “a duty to assess the historic facts when it is called upon to apply a constitutional standard to a conviction . . . .” Id. at 318. A “mere modicum” of evidence is insufficient. Id. at 320. Rather, reviewing judges must do more than simply identify an inference; the evidence admitted must be *434 sufficient so that a rational trier of fact could find the elements of the crime established beyond a reasonable doubt. In particular, where an element of a crime is supported only by an inference establishing a mere modicum of proof—even if the inference itself is “reasonable”—a conviction cannot stand.
Thoughtful judges in the courts below will continue to respect the mandate to which they are bound, affirming convictions only when a rational trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. Because the evidence does not establish guilt beyond a reasonable doubt, I would affirm the result of the Court of Appeals. To hold otherwise would ignore the second step in the inquiry articulated in Wolfe and Jackson, and the judiciary’s duty to ensure that all elements of a crime be proven beyond a reasonable doubt.